# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CHRIS PURCELL, KIMBERLY GROOME, <br><br> Plaintiffs, <br><br> v. <br><br> ROB HENNIG, HENNIG KRAMER RUIZ & SINGH P.C., <br><br> Defendants. | § § § § § § § § § § § |

**No. 22-CV-00469-MAK**

**Hon. Mark A. Kearney**

**DECLARATION OF ROBERT A. MAGNANINI, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

I, Robert A. Magnanini, of full age, being duly sworn, deposes and states as follows:

1.  I am the Managing Partner at the law firm of Stone & Magnanini LLP in Berkeley Heights, New Jersey ("S&M" or the "Firm"), attorneys for the Defendant. I submit this Declaration in support of Defendants' Motion to Dismiss the Amended Complaint (Dkt. 10).

2.  Attached hereto as Exhibit 1 is a true and correct copy of the Civil Cover Sheet, Complaint, and Summons with Notice in the case captioned Hennig Kramer Ruiz & Singh, LLP v. Purcell, Groome, & Connolly et al., Case No. 22-ST-CV-12634, lodged with the Superior Court of California, LA County on April 14, 2022.

3.  Attached hereto as Exhibit 2 is a true and correct copy of a document titled "Plaintiffs' [sp] Offer Of Judgment," served by Plaintiffs to Defendants in this Action on April 15, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 18, 2022

*s/ Robert A. Magnanini*
Robert A. Magnanini, Esq.

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 04/14/2022 04:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Case 2:22-cv-00469-MAK   Document 21-2   Filed 04/18/22   Page 3 of 28

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Allison M. Schulman (SBN 272081)<br>Law Offices of Allison M. Schulman, APC<br>1055 W. Seventh Street, Suite 1920<br>Los Angeles, California 90017<br>TELEPHONE NO.: 213.262.1825   FAX NO.: 213.262.1834<br>ATTORNEY FOR *(Name)*: Plaintiff Hennig Kramer Ruiz & Singh, LLP | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Hennig Kramer Ruiz & Singh, LLP v. Purcell; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✔] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV12634<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [✔] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [✔] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✔] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✔] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✔] punitive
4. Number of causes of action *(specify)*:  Seven
5. This case [ ] is  [✔] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 14, 2022
Allison M. Schulman
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Hennig Kramer Ruiz & Singh, LLP v. Purcell; et al. | CASE NUMBER 22STCV12634 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | Hennig Kramer Ruiz & Singh, LLP v. Purcell; et al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | Hennig Kramer Ruiz & Singh, LLP v. Purcell; et al. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Hennig Kramer Ruiz & Singh, LLP v. Purcell; et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1925 Century Park East |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90067 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __April 14, 2022__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Lawrence Riff

Electronically FILED by Superior Court of California, County of Los Angeles on 04/14/2022 04:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Allison M. Schulman, Esq. (SBN 272081)
**LAW OFFICES OF ALLISON M. SCHULMAN, APC**
1055 W. Seventh Street, Suite 1920
Los Angeles, California 90017
Tel: 213.262.1825
Fax: 213.262.1834

Attorney for Plaintiff,
HENNIG KRAMER RUIZ & SINGH, LLP

**SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| HENNIG KRAMER RUIZ & SINGH, LLP, a California limited liability partnership,<br><br>            Plaintiff,<br><br>      v.<br><br>CHRIS PURCELL, an individual; KIMBERLY GROOME, an individual; ROBERT E. CONNOLLY, an individual; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.:    22STCV12634<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1.  BREACH OF WRITTEN CONTRACT;**<br><br>**2.  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**3.  QUANTUM MERUIT;**<br><br>**4.  UNJUST ENRICHMENT;**<br><br>**5.  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br><br>**6.  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND**<br><br>**7.  CONVERSION.**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF, HENNIG KRAMER RUIZ & SINGH, LLP,** and for

causes of action against the Defendants and each of them, alleges as follows:

**JURISDICTION**

1.      This Court is the proper court, and this action is properly filed in Los Angeles

County, because Defendants' obligations and liability arise therein, because the contracts that

are the subject of this action were formed in Los Angeles County, because Plaintiff's office is in

Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## **THE PARTIES**

2.     Plaintiff HENNIG KRAMER RUIZ & SINGH, LLP ("Plaintiff") is a limited liability partnership, formerly known as Hennig Ruiz P.C., with its principal place of business in the State of California, County of Los Angeles.

3.     Plaintiff is informed and believes, and thereon alleges, that Defendant CHRIS PURCELL (hereinafter referred to as "PURCELL") is an individual, residing in Texas.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendant KIMBERLY GROOME (hereinafter referred to as "GROOME") is an individual, residing in Nevada.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant ROBERT E. CONNOLLY (hereinafter referred to as "CONNOLLY") is an individual, residing in the State of California, County of Riverside.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-100, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

COMPLAINT FOR DAMAGES

8.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named as DOES 1-100, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## FACTUAL ALLEGATIONS

10.     In or about July 2017, Plaintiff entered into fee agreements with both PURCELL and GROOME (the "Agreements"), pursuant to which Plaintiff agreed to represent PURCELL and GROOME in connection with their whistleblower claims involving their employment with Gilead Sciences (the "Underlying Action").

11.     The Agreements provide that, in the event that PURCELL and GROOME chose to terminate Plaintiff, PURCELL and GROOME would owe Plaintiff either the reasonable value of the services provided, or, at Plaintiff's option, 45% of the total amount received by PURCELL and GROOME.

12.     From July 2017 through approximately August 2019, Plaintiff dutifully and aggressively litigated PURCELL and GROOME's case.  On or about August 7, 2017, Plaintiff filed an initial complaint in the Eastern District of Pennsylvania containing false claims allegations against PURCELL and GROOME's then-current employer, Gilead Sciences, putting forth the best strategy available to Plaintiff at the time.  Plaintiff duly drafted disclosures to provide to the United States.  Plaintiff prepared PURCELL and GROOME for their Relator's interview with the

United States.  Plaintiff prepared an amended complaint after the Relator's interview, which was filed on or about July 12, 2018.  The amended complaint was based on legal theories developed by Plaintiff in response to observations from the United States provided at the Relator's interviewed.  Plaintiff then continued further work on behalf of PURCELL and GROOME, including working on a lengthy memorandum in conjunction with CONNOLLY, laying out the legal justifications and theories underlying the amended complaint and preparing PURCELL and GROOME for a second Relator's interview.  The strategy behind the amended complaint that was flushed out in the memorandum, ultimately formed the basis for successful opposition to pleadings motions filed against PURCELL and GROOME.

13.    On approximately September 9, 2019, PURCELL and GROOME terminated Plaintiff's representation of them.  PURCELL and GROOME continued to be represented by CONNOLLY, who had been working on the PURCELL and GROOME case at Plaintiff's direction as an agent of PLAINTIFF and/or PLAINTIFF's co-counsel in the UNDERLYING ACTION.

14.    On information and belief, CONNOLLY encouraged PURCELL and GROOME to terminate Plaintiff's representation of them and to continue with his representation of them.  On information and belief, CONNOLLY encouraged PURCELL and GROOME to terminate Plaintiff's representation of them by misrepresenting Plaintiff's strategy to PURCELL and GROOME and providing PURCELL and GROOME with unrealistic expectations.  CONNOLLY consistently gave the impression to PURCELL and GROOME that the government would intervene in the case.   Plaintiff gave more realistic advice and tried to set more realistic expectations.  It would appear PURCELL and GROOME misinterpreted Plaintiff's realism with a lack of interest in intervention.

15.    On or about September 19, 2019, Defendants filed a Second Amended Complaint in the Underlying Action, which did not include substantial substantive changes from the First Amended Complaint.  The Second Amended Complaint was filed for reasons that had nothing to do with litigation strategy.  The Second Amended Complaint added no value to the case, and if anything, reduced the pressure on the bad actors named in the First Amended Complaint.

COMPLAINT FOR DAMAGES

16.    CONNOLLY continued litigating the Underlying Action utilizing the strategy initiated by Plaintiff.  Plaintiff is informed and believes that CONNOLLY made no attempt to communicate to PURCELL and GROOME that he had been working on their case at the behest of Plaintiff.

17.    In or around July 2021, PURCELL and GROOME resolved the Underlying Action.

18.    After PURCELL and GROOME terminated Plaintiff's representation of them, CONNOLLY and his agents assured Plaintiff that Plaintiff's attorneys' fees would be fully paid. After Plaintiff did not hear from PURCELL, GROOME, CONNOLLY, and their agents about resolving Plaintiff's attorneys' fees, Plaintiff filed a Notice of Lien on or about June 9, 2020, in the Underlying Action.  Plaintiff filed this Notice solely to make all concerned aware of Plaintiff's lien with the intention of it filing an action in Los Angeles Superior Court should the attorneys' fees not be resolved.

19.    Notably, after the Underlying Action was resolved by PURCELL and GROOME in or around July 2021, Plaintiff was not provided an opportunity to seek its attorneys' fees directly from Gilead Sciences – in violation of the fee agreement signed by PURCELL and GROOME.

20.    Plaintiff suggested a mediation with a respected mediator, Steve Altman, Esq., to attempt to resolve the fee dispute between Plaintiff and PURCELL, GROOME, and CONNOLLY and including all other attorneys that had worked on the case.  PURCELL and GROOME and their attorneys agreed to this proposal and a mediation was scheduled with Mr. Altman for February 1, 2021.

21.    At the mediation, Mr. Altman made a mediator's proposal that was rejected by Plaintiff on or about noon on February 4, 2022. PURCELL and GROOME filed an action seeking declaratory relief that no fees were owed to Plaintiff that same day – February 4, 2022, in Pennsylvania.  PURCELL and GROOME filed an incoherent complaint claiming that no fees are owed for Plaintiff's services and seeking declaratory relief.   Notably, no claim for legal malpractice is alleged.  Instead, PURCELL and GROOME make defamatory and demonstrably false claims as to Plaintiff's qui tam lead counsel in a transparently rapacious attempt to not pay the money they owe.

COMPLAINT FOR DAMAGES

22. Plaintiff relied upon participating first in informal negotiations with PURCELL and GROOME and then waiting in good faith for the mediation resolution process. Plaintiff reasonably relied on the assurances made by CONNOLLY and his agents, and delayed filing this action in reliance on those assurances.

23. Prior to Plaintiff's discharge from the aforementioned matter, Plaintiff had performed significant acts and services and advanced costs in Underlying Action.

24. Plaintiff is entitled to recovery pursuant to its lien on the settlement values of PURCELL and GROOME in the Underlying Action pursuant to a binding and enforceable written contract signed by both PURCELL and GROOME in California.

25. Alternatively, Plaintiff is entitled to the reasonable value of its services. The estimated value of the claims of PURCELL and GROOME in the Underlying Action was in the seven-figures.

26. Alternatively, Plaintiff is entitled to attorneys' fees pursuant to the Agreements with PURCELL and GROOME.

### FIRST CAUSE OF ACTION

### BY PLAINTIFF

### FOR BREACH OF WRITTEN CONTRACT

### AGAINST PURCELL, GROOME, AND DOES 1-100, INCLUSIVE

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

28. The Agreements constitute contracts that exist between Plaintiff, on the one hand, and PURCELL and GROOME, on the other hand. Plaintiff complied with all of the terms necessary to obtain benefits under the Agreements and has performed all of Plaintiff's obligations under the Agreements, unless excused.

29. Under the terms of the Agreements, Plaintiff is entitled to, at Plaintiff's option, either the reasonable value of past services rendered or 45% of the total settlement. Plaintiff is also entitled to the costs it advanced in prosecution of the Underlying Action.

30.    Defendants breached the Agreements by failing to pay to Plaintiff the benefits to which Plaintiff was and is entitled.

31.    As a direct result of Defendant's breaches of the Agreements, Plaintiff has been damaged in an amount not yet fully ascertained, but which damage includes the loss of the contractual benefits under the Agreements.

32.    As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

33.    The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

34.    Said conduct was a proximate cause in Plaintiff's damages as stated below.

35.    The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

## SECOND CAUSE OF ACTION

## BY PLAINTIFF

## FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## AGAINST PURCELL, GROOME, AND DOES 1-100, INCLUSIVE

36.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

37.    In every contact, there is an implied promise of good faith and fair dealing.  This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

38.    Defendants entered into the Agreements with Plaintiff.

39.    Plaintiff did all, or substantially all, of the significant things the contract required Plaintiff to do, or Plaintiff was excused from having to do those things.

40.    All conditions required for Defendants' performance had occurred or were excused.

41.    Defendants unfairly interfered with Plaintiff's right to receive the benefits of the contract.

42.    As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

43.    The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

44.    Said conduct was a proximate cause in Plaintiff's damages as stated below.

45.    The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

### THIRD CAUSE OF ACTION
### BY PLAINTIFF
### FOR QUANTUM MERUIT
### AGAINST PURCELL, GROOME, AND DOES 1-100, INCLUSIVE

46.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

47.    From approximately July 2017 through approximately August 2019, Plaintiff was acting pursuant to an express request for legal services from Defendants.

48.    The services Plaintiff rendered to Defendants were intended to and did benefit Defendants.

49.    Plaintiff rendered valuable legal services to Defendants with the understanding and expectation of both parties that compensation would be paid to Plaintiff from any gross recovery.

50.    Plaintiff, furthermore, advanced litigation costs with the expectation that it would be paid back from any gross recovery – as specified in the fee agreement between Plaintiff and Defendants.

51.    Notwithstanding the written contract and clear understanding of payment to Plaintiff, Defendants failed to pay Plaintiff the full and reasonable value of Plaintiff's work, labor,

services, and materials on behalf of Defendants such that Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

52.    As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

53.    The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

54.    Said conduct was a proximate cause in Plaintiff's damages as stated below.

55.    The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR UNJUST ENRICHMENT**

**AGAINST CONNOLLY AND DOES 1-100, INCLUSIVE**

56.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

57.    Defendants have unjustly benefitted, and continue to unjustly benefit from labor, efforts, and services provided by Plaintiff because Defendants failed to pay Plaintiff compensation and reimbursement for expenses necessarily incurred in connection with services rendered to PURCELL and GROOME.  As a direct, actual, and proximate result of Defendants' failure to pay Plaintiff compensation and reimbursement for expenses and for attorneys' fees incurred, Plaintiff has suffered – and continues to suffer – damages of attorneys' fees and litigation costs advanced.

58.    As a proximate result of Defendants' conduct, Defendants have been unjustly enriched at the expense of Plaintiff.  Defendants will continue to be unjustly enriched, and it would be inequitable to allow them to retain the benefits of the labor efforts, and services of Plaintiff who provide valuable services to PURCELL and GROOME unless Defendants are

ordered to pay Plaintiff its unpaid compensation and unpaid expenses necessarily incurred in connection with services provided to PURCELL and GROOME.

59.    As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

60.    The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

61.    Said conduct was a proximate cause in Plaintiff's damages as stated below.

62.    The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

## FIFTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
## AGAINST CONNOLLY AND DOES 1-100, INCLUSIVE

63.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

64.    "A third party that impairs an attorney's rights under [his] lien may be subject to liability for tortious interference with contractual relations." *Little v. Amber Hotel Company* (2011) 202 Cal.App.4th 280, 291.

65.    At all times relevant hereto, Plaintiff had valid and existing contracts with PURCELL and GROOME, the Agreements.

66.    At all times relevant hereto, CONNOLLY and DOES 1-100 had knowledge of the Agreements and intended to induce PURCELL and GROOME to terminate Plaintiff's representation under the Agreements.

67.    At all times relevant hereto, the conduct of CONNOLLY and DOES 1-100 prevented performance under the Agreements or made performance under the Agreements more expensive or difficult.

COMPLAINT FOR DAMAGES

68.    At all times relevant hereto, CONNOLLY and DOES 1-100 intended to disrupt the performance of the Agreements and/or knew that disruption of performance of the Agreements was certain or substantially certain to occur.

69.    As a direct and proximate result of the conduct of CONNOLLY and DOES 1-100 as described herein, Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

70.    The conduct of CONNOLLY and DOES 1-100, was a substantial factor in causing Plaintiff's harm.

71.    Said conduct was a proximate cause in Plaintiff's damages as stated below.

72.    The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

73.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

## AGAINST CONNOLLY AND DOES 1-100, INCLUSIVE

74.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

75.    "A third party that impairs an attorney's rights under [his] lien may be subject to liability for tortious interference with [. . .] prospective economic advantage." *Little v. Amber Hotel Company* (2011) 202 Cal.App.4th 280, 291.

76.    Plaintiff was in an economic relationship with both PURCELL and GROOME that would have resulted in an economic benefit to Plaintiff.

77.    CONNOLLY and DOES 1-100 were well aware of Plaintiff's prospective economic advantage and economic relationship with PURCELL and GROOME. Despite such knowledge, Defendants willfully and maliciously engaged in conduct designed to disrupt the prospective economic advantage and economic relationship so that Plaintiff would be unable to recover attorneys' fees and costs.

78.    The conduct of CONNOLLY and DOES 1-100 consisted of intentionally interfering with the contractual relations between Plaintiff and PURCELL and GROOME, and intentionally inducing PURCELL and GROOME to terminate their agreement with Plaintiff, and thus to deprive Plaintiff of its fees.

79.    By engaging in such conduct, CONNOLLY and DOES 1-100 intended to disrupt the relationship between Plaintiff and PURCELL and GROOME and/or knew that disruption of the relationship was certain or substantially certain to occur.

80.    As a direct and proximate result of the conduct of CONNOLLY and DOES 1-100 as described herein, Plaintiff's prospective advantage and economic relationship with PURCELL and GROOME was in fact disrupted and/or destroyed.

81.    As a direct and proximate result of the conduct of CONNOLLY and DOES 1-100 as described herein, Plaintiff has been damaged in an amount according to proof in excess of the jurisdictional minimum of the Court.

82.    The conduct of CONNOLLY and DOES 1-100, was a substantial factor in causing Plaintiff's harm.

83.    The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

84.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

### SEVENTH CAUSE OF ACTION

### BY PLAINTIFF

### FOR CONVERSION

### AGAINST CONNOLLY AND DOES 1-100, INCLUSIVE

85.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23, inclusive, as though set forth in full herein.

86.    Plaintiff's right to receive full compensation for its work vested when Plaintiff's work was performed.

87.    The compensation that Plaintiff earned while representing PURCELL and GROOME for Defendants constitute a property right which, at all times relevant hereto, was held by Plaintiff.

88.    As set forth herein, Defendants wrongfully withheld, and failed and refused to pay Plaintiff the full amount of compensation to which it was entitled.

89.    Defendant converted said compensation as part of an intentional and deliberate scheme to maximize their portion of the settlement, at the expense of Plaintiff.

90.    Plaintiff has been injured by Defendants' intentional conversion of such monies, and is entitled to all monies converted by Defendants, with interest thereon as well as any and all profits, whether direct or indirect, which Defendants acquired by their unlawful conversion.

91.     The amount converted by Defendants from Plaintiff is a specific sum, equal to either the reasonable value of the services provided, or, at Plaintiff's option, 45% of the total amount received by PURCELL and GROOME.  That amount is a specific sum that can be readily ascertained once Plaintiff obtains in discovery the settlement value of the Underlying Action.

92.     The damage allegations of Paragraphs 24 through 26, inclusive, are herein incorporated by reference.

93.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof but exceeding $1,000,000, as follows:

1.     For a money judgment representing compensatory damages including the value of Plaintiff's liens from the Underlying Action, the value of the reasonable attorneys' fees owed to Plaintiff based on Plaintiff's work performed in the Underlying Action, reimbursement of the costs Plaintiff expended on the behalf of PURCELL and GROOME in the Underlying Action, and all other sums of money, together with interest on these amounts;

2.     For return of all monies converted by Defendants;

3.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

**WHEREFORE**, Plaintiff seeks further judgment against Defendants, and each of them, in an amount according to proof, as follows:

COMPLAINT FOR DAMAGES

4.    For punitive damages against CONNOLLY, pursuant to Civil Code §3294, in an amount sufficient to punish CONNOLLY for the wrongful conduct alleged herein and to deter such conduct in the future;

5.    For costs of suit herein incurred;

6.    For post-judgment interest; and

7.    For any other relief that is just and proper.

DATED: April 14, 2022                    **LAW OFFICES OF ALLISON M. SCHULMAN**

By:  _____
Allison M. Schulman, Esq.
Attorneys for Plaintiff
HENNIG KRAMER RUIZ & SINGH, LLP

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED: April 14, 2022                    **LAW OFFICES OF ALLISON M. SCHULMAN**

By:  _____
Allison M. Schulman, Esq.
Attorney for Plaintiff
HENNIG KRAMER RUIZ & SINGH, LLP

EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRIS PURCELL and KIMBERLY GROOME, | ) | **CIVIL ACTION** |
| | ) | |
| Plaintiffs, | ) | **NO. 2:22-cv-00469-MAK** |
| v. | ) | |
| | ) | |
| ROB HENNIG and HENNIG | ) | |
| KRAMER RUIZ & SINGH P.C. f/k/a | ) | |
| HENNIG RUIZ P.C., | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINITFFS' OFFER OF JUDGMENT**

---

PLEASE TAKE NOTICE THAT, Plaintiffs, Chris Purcell and Kimberly Groome ("Plaintiffs"), by and through their undersigned counsel, and in accordance with Rule 68 of the Federal Rules of Civil Procedure, hereby serve this Offer of Judgment ("Offer") on Defendants, Rob Hennig and Kramer Ruiz & Singh P.C. f/k/a Hennig Ruiz P.C. (collectively, "Defendants"), as follows:

1.     This Offer is being made to resolve the lien filed by Defendants' on June 9, 2020 against Plaintiffs in the matter captioned *Purcell v. Gilead Sciences, Inc.*, No. CV 17-3523, and is intended to bring this litigation to a final conclusion between Plaintiffs and Defendants.

2.     This Offer is further being made to resolve any and all claims Defendants have asserted or could assert of any kind arising out of or related in any way to Defendants' representation of Plaintiffs.

3.     Upon Defendants' timely acceptance of this Offer, Plaintiffs shall follow the applicable provisions of Fed.R.Civ.P. 68 and shall then tender payment in a check for the amount

of the Offer to Defendants' counsel within 20 days after delivery by the Defendants of their acceptance of this Offer. Upon clearance of the check, Defendants will file a dismissal with prejudice dismissing all claims in this case, as well as in the related action *Purcell v. Gilead Sciences., Inc.*, No. CV 17-3523 against Plaintiffs, and all claims of any kind arising from or related in any way to Defendants' representation of Plaintiffs shall be deemed fully and finally resolved.

4.      The total amount of this Offer is two hundred and twenty-five thousand dollars ($225,000). This amount is inclusive of all attorney's fees and costs.

If Defendants do not accept this Offer, they may become obligated to pay Plaintiffs' costs and/or attorneys' fees incurred after the making of this Offer in the event that they do not recover a judgment that is more favorable than this Offer of Judgment pursuant to Fed.R.Civ.P. 68(d).

To accept this Offer, Defendants must serve written notice of acceptance thereof within fourteen (14) days of the date this Offer is made.

This Offer is not to be construed in any way as an admission of liability by the Plaintiffs, but rather is made solely for the purpose of compromising a disputed claim.

Dated: April 15, 2022                    Respectfully submitted,

                                         MILLER SHAH LLP

                                         */s/ James C. Shah*
                                         Natalie Finkelman Bennett
                                         James C. Shah
                                         Bruce D. Parke
                                         Eric L. Young
                                         John C. Roberts
                                         Alec J. Berin
                                         1845 Walnut Street, Suite 806
                                         Philadelphia, PA 19103
                                         Telephone: (866) 540-5505
                                         Facsimile: (866) 300-7367

Email:  nfinkelman@millershah.com
jcshah@millershah.com
bdparke@millershah.com
jcroberts@millershah.com
elyoung@millershah.com
ajberin@millershah.com

Nathan C. Zipperian
Miller Shah LLP
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, FL 33326
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: nczipperian@millershah.com

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2022, a copy of the foregoing was served via electronic and first class mail on the following:

> Robert A. Magnanini, Esq.
> Stone & Magnanini LLP
> 400 Connell Drive, Suite 6200
> Berkeley Heights, NJ 07922
> Tel: (973) 218-1111
> Fax: (973) 218-1106
> rmagnanini@stonemagnalaw.com

*/s/ James C. Shah*
James C. Shah
MILLER SHAH LLP
